THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENTS, v. ANDREW J. WIGHTMAN, APPELLANT INDICTED
WITH OTHERS.

*Penal Code, sec.* 558 — *what facts constitute the crime, of forwarding threatening
letters, specified therein.*

The appellant was tried and convicted upon an indictment, the third and fourth
counts of which charged, in substance, that the defendants sent and caused to
be forwarded to and received by one Sears, a letter written to him by the
attorney of a woman, both of whom were parties defendant, stating that he
had sexual intercourse with the woman, and that she was pregnant, and asking
whether he would make suitable provisions for her, and thereby avoid pub-
licity, or whether it would be necessary to take legal steps in the matter,
thereby threatening, falsely and unjustly, to cause and procure him to be put
to great charge and expense of his moneys, and give security for the mainte-
nance of the child of which the woman named in the letter was alleged to be
then pregnant, and that the defendants knew the contents of the letter, and
intended by means thereof to extort and gain money from the person to whom
it was written and by whom it was received. The fifth count contained
similar allegations, averring the writing and sending of the letter threatening
to expose Sears to and to impute to him disgrace, and to falsely and publicly
accuse him of certain immoral conduct, which, if true, would tend to and would
degrade and disgrace him, and averred that the letter was sent and forwarded
to and received by Sears, and that this was done by the defendants with the
intent, and by means thereof, to extort and gain money from Sears.

*Held,* that the facts charged constituted the crime specified in section 558 of the
Penal Code, which declares it to be a crime for any person, knowing the contents
thereof, and with intent by means thereof to extort any money or other prop-
erty, or to do, abet or procure any illegal or wrongful act, to send, deliver, or
in any manner cause to be forwarded or received, any letter or writing threat-
ening to expose or impute to any person any deformity or disgrace.

APPEAL from a judgment of the Court of Oyer and Terminer
convicting the appellant of a violation of section 558 of the Penal
Code of the State of New York.

The indictment contains six counts, the last of which the people
elected to abandon on the trial. The fifth count, upon which mainly
the people relied, was drawn, under subdivision 4 of section 558
of the Penal Code, and charges that the said defendant Andrew J.
Wightman, jointly with one Charles W. Bolles, one May A.
Thatcher and Samuel J. Lowell did, with full knowledge of the

contents thereof, and with intent, by means thereof, to extort money from one Charles C. Sears, feloniously send, and cause to be forwarded to and received by said Sears, a certain letter and writing threatening to expose him, the said Sears, to, and to impute to him disgrace, to wit, to falsely and publicly accuse the said Charles C. Sears of certain immoral conduct, which, if true, would tend to and would degrade and disgrace the said Charles C. Sears, that is to say, that he, the said Charles C. Sears, had then, lately before, had sexual intercourse with and carnal knowledge of said May A. Thatcher, she being a single woman, and he, the said Charles C. Sears, not being lawfully married to her, and having then, at the time of the alleged sexual intercourse and carnal knowledge, a lawful wife living, and that, by reason thereof, she, the said May A. Thatcher, was then pregnant with child, which was likely to be born a bastard, and which said letter and writing was in words as follows:

" Law Offices of Charles W. Bolles, }
57 Broadway, N. Y. }

" New York, *May* 25, 1886.

" Charles F. Sears, Esq., *Buffalo, N. Y.:*

" Dear Sir. — I write you, as attorney for Miss Maie Livingston of this city (meaning the said May A. Thatcher), who states to me that on or about the tenth of February last she met you on Sixth avenue, this city, and went with you to St. Omar Hotel, and there had sexual intercourse with you, and as a result is now with child by you.

" I suppose you are aware that, under those conditions, you are liable for the support of the child and the mother's expenses during her sickness. Are you willing to make suitable provisions for said liability and thereby avoid publicity, or will it be necessary to take legal steps in the matter ?

" Awaiting your reply, I remain,

" Truly yours,

" CHARLES W. BOLLES."

*Thomas M. Tyng,* for the appellant.

*Mackenzie Semple,* assistant district attorney, for the people.

DANIELS, J.:

The case containing the exceptions, as it has been settled, states that the people, to maintain the issues on their part, introduced evidence tending to prove the acts charged in the first five counts of the indictment. At the close of the evidence, given to prove the charges contained in those counts, an application was made for the acquittal of the defendant on the ground that the acts charged in such counts and proved by the evidence were not sufficient to constitute a crime, and that the evidence was not sufficient to warrant a conviction of the crime therein charged, in that the letter or writing did not threaten to do any or either of the acts specified in section 558 of the Penal Code. The motion was denied, and to the decision made the defendant excepted.

These were the only objections taken to the case made against the defendant at the trial, and they present the simple question whether proving the acts set forth in the first five counts of the indictment constituted a crime under this section of the Code. To determine this point it becomes necessary to examine those counts of the indictment; and such an examination, particularly of the third, fourth and fifth counts, discloses the acts of the defendant to be such as to include the sending, and causing to be forwarded to and received by one Charles C. Sears, the letter contained in each of these counts of the indictment, thereby threatening, falsely and unjustly, to cause and procure him to be put to great charge and expense of his moneys and give security for the maintenance of a child of which the woman named in the counts was alleged to be then pregnant, and that the appellant, with the other defendants, knew the contents of the letter, and intended, by means thereof, to extort and gain money from the person to whom it was written, and by whom it was received. That is the substance of the third count of the indictment. The fourth is very much the same in substance, while the fifth contains similar allegations, averring the writing and sending of the letter threatening to expose Sears to, and to impute to him, disgrace, and to falsely and publicly accuse him of certain immoral conduct, which, if true, would tend to and would degrade and disgrace him. To this statement is superadded the averment that the letter was sent, and forwarded to and received by Sears and contained the charge of improper conduct included in

the other counts, and that this was done by the defendants with the intent, and by means thereof, to extort and gain money from Sears.

The case was argued by the defendant's counsel upon the theory that it wholly depended upon the language and import of the letter itself. If this position was sound, and the letter was written and forwarded for the purpose of indemnifying or protecting May A. Thatcher, named in the indictment, no offense would have been committed and the argument of the counsel would undoubtedly be sound. But that is not the case as the indictment presented it, and the evidence tended to prove the facts, for the averments contained in the indictment extended far beyond the writing and sending of the letter for any purpose of protection or indemnity to this woman, and averred the facts to be that the object in writing and sending the letter to Sears was to extort and gain money from him by falsely and publicly accusing him of the immoral conduct described and set forth in those counts. These were as much the acts referred to, and which the evidence tended to establish, as the writing and mailing of the letter itself. They were, each of them, distinct parts of the crime intended to be charged, and, in substance, they disclose the facts to be that the appellant, with the other defendants, caused this letter to be written and sent to Sears, intending thereby to extort money from him by the threat communicated through the letter, of publicly and falsely making the accusation mentioned against him to render this extortion successful. These are the prominent acts set forth in the indictment and bring the case within this section of the Penal Code, by which it has been declared to be a crime for any person knowing the contents thereof, and with intent by means thereof to extort any money or other property, or to do, abet or procure any illegal or wrongful act, to send, deliver, or in any manner cause to be forwarded or received, any letter or writing threatening to expose or impute to any person any deformity or disgrace. The indictment was framed under this construction and language of the statute. By its allegations it brought the case within those provisions, and as the evidence sufficiently tended to prove them to support the verdict rendered by the jury, the judgment from which the appeal has been taken should be affirmed.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment affirmed.